UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD BANEY,                : | |
|        : | |
|        Plaintiff     : | |
|        : | |
|   v.        : | CIVIL NO. 3:CV-05-888 |
|        : | |
| R. SMITH, ET AL.,        : | (Judge Kosik) |
|        : | |
|        Defendants   : | |

## O R D E R

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Ronald Baney filed this civil rights action on May 2, 2005, pursuant to 42 U.S.C. § 1983. Baney is confined at the State Correctional Institution at Forest, Pennsylvania. Named as defendants are R. Smith and J. Adam, two correctional officers at the Dauphin County Prison. In the complaint Baney alleges that defendants subjected him to excessive force on April 13, 2004, and then placed him in the hole where he remained for two weeks with little food and no clean clothes. As relief Baney seeks monetary compensation and requests that an investigation be conducted into what has been happening at the Dauphin County Prison.

On May 10, 2005, service of the complaint was directed. On July 8, 2005, a motion for summary judgment was filed by defendants. (Doc. 11.) A supporting brief and statement of material facts have also been submitted. (Docs. 12, 13.) Presently pending are a motion for counsel (Doc. 14) and a motion for extension of time within which to file documents (Doc. 15) submitted by Baney.

**Discussion**

    A.    **Motion for Counsel**

It is a well-established principle that prisoners have no constitutional or statutory right to appointment of counsel in a civil case. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). Yet, district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915. Montgomery v. Pichak, 294 F.3d 492, 499 (3d Cir. 2002), citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499. In this case, while Baney alleges excessive force, defendants have filed a motion seeking summary judgment with respect to his claims. Further, a weighing of the other pertinent factors militate against appointment of counsel at this time. Those factors are:

    1. The plaintiff's ability to present his or her own case;

    2. The difficulty of the particular legal issues;

    3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue the investigation;

    4. The plaintiff's capacity to retain counsel on his or her own behalf;

    5. The extent to which a case is likely to turn on credibility determinations; and,

    6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499, citing Tabron, 6 F.3d at 155-57.

Baney contends that he is unable to afford counsel and the issues involved in his case are complex. He states that he has a limited knowledge of the law and that he has not yet been able to respond to the outstanding motion for summary judgment.

The issues involved in this action are straightforward, involving the application of established legal principles to the factual situation at hand. Baney has thus far demonstrated the ability to successfully litigate this case on his own, including his ability to prepare and file motions in this case which are understandable. A review of Baney's filings confirms that he is capable of representing himself despite his incarceration. Any concern on Baney's part about the need for counsel in the future to assist in trial preparation is premature at this time in light of the pending motion for summary judgment. While Baney expresses concern over conducting discovery in this case, he admits in his complaint that there were numerous witnesses to the events which allegedly took place. Baney is certainly free to obtain affidavits in an effort to oppose defendants' pending summary judgment motion. Accordingly, his motion for

appointment of counsel will be denied, but without prejudice. Should future proceedings demonstrate the need for counsel, the matter can be reconsidered, either <u>sua</u> <u>sponte</u> or upon a motion properly filed.

### B.     Motion for an Extension of Time

Baney also moves for an extension of time of eight (8) months within which to file "any legal documents dealing with any issue" concerning this case. (Doc. 15.) In support of his request, he states that he has become sick, almost having a stroke, and that he has no knowledge of the law. He also claims that a prisoner who was assisting him with his case is suppose to be leaving the institution.

The court will grant Baney an enlargement of time, but not for the lengthy period requested. The motion was filed on November 7, 2005, as such, Baney has already had over one (1) month within which to oppose defendants' pending motion for summary judgment. To date, plaintiff has not filed any response thereto. Plaintiff does not provide details with regard to his alleged "serious" medical condition and has been capable of filing motions in this case. As such, Baney will be granted an enlargement of sixty (60) days from the date of this order within which to submit his brief, statement of material facts and evidentiary materials in opposition to defendants' motion. The failure to do so will result in the motion being deemed unopposed and addressed on the merits. See <u>Stackhouse v. Mazurkiewicz</u>, 951 F.2d 29 (3d Cir. 1991).

4

**ACCORDINGLY, THIS 15th DAY OF DECEMBER, 2005, IT IS HEREBY ORDERED AS FOLLOWS:**

1. Plaintiff's motion for counsel (Doc. 14) is **denied without prejudice**.

2. Plaintiff's motion for extension of time (Doc. 15) is **granted** to the extent that Plaintiff is granted sixty (60) days from the date of this order within which to submit his brief, statement of material facts and evidentiary materials in opposition to defendants' motion for summary judgment. The failure to do so will result in the motion being deemed unopposed.

                                                s/Edwin M. Kosik
                                            United States District Judge